## UNITED STATES v. McKENZIE.

*(District Court, S. D. California.  October 28, 1887.)*

**1. POST-OFFICE—LARCENY FROM MAILS.**
    The second count in an indictment under Rev. St. U. S. § 5467, charged defendant, a clerk in the Los Angeles post-office, with stealing therefrom a registered letter addressed to the postmaster at Santa Monica, and intended to be conveyed by mail to him. The evidence tended to show that defendant received the letter, receipted for it, and in the presence of witnesses put it in the Santa Monica pouch, and locked it; that the pouch was received locked at the railway station, and carried safely, and delivered at Santa Monica locked; that, on opening it there, the card of notification was found, but not the letter, and that other persons had access to the Los Angeles post-office besides defendant. *Held*, that the jury, if they believed this evidence, must believe beyond a reasonable doubt that defendant removed the letter from the pouch before it left the Los Angeles post-office before they could find him guilty.

**2. CRIMINAL LAW—REASONABLE DOUBT.**
    By reasonable doubt is not meant a possible or imaginary doubt, but a doubt that is reasonable in view of all the evidence adduced.

**3. SAME—CIRCUMSTANTIAL EVIDENCE.**
    A conviction may be had on circumstantial evidence alone, where all the circumstances distinctly point to the guilt of the accused, and are incapable of explanation upon any other reasonable hypothesis.

**4. SAME—CONFESSIONS AND ADMISSIONS.**
    Oral declarations or admissions, claimed to have been made by the accused, should be viewed with caution, and remarks made by him at the time of ar-

rest or afterwards should be fairly construed in view of all the facts and surroundings. They do not preclude the jury from considering the other facts in the case.

Indictment found under Rev. St. U. S. § 5467.
*J. Marion Brooks*, Dist. Atty., for the United States.
*Stephen M. White*, for defendant.

Ross, J., (*charging jury.*) The statute under which the indictment against the defendant was found provides that "any person employed in any department of the postal service, who shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters intrusted to him, or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any mail carrier, mail messenger, route agent, letter carrier, or other person employed in any department of the postal service, or forwarded through or delivered from any post-office or branch post-office established by authority of the postmaster general, and which shall contain any note, * * * any bank-note; * * * any such person who shall steal or take any of the things aforesaid out of any letter, packet, bag, or mail of letters which shall have come into his possession, either in the regular course of his official duties or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed,—shall be punishable by imprisonment at hard labor for not less than one year nor more than five years." The indictment contains three counts. The first, in effect, charges that defendant, on the 27th of May, 1887, embezzled a certain registered letter containing $40 in bank-notes, addressed to the postmaster at Santa Monica, and which was intrusted to defendant, as clerk in the Los Angeles post-office, to be sent by mail to Santa Monica; the second count, in effect, charges defendant with stealing, at the time stated, from the Los Angeles post-office, a certain letter addressed to the postmaster at Santa Monica, and intended to be conveyed by mail to him; and the third count, in effect, charges defendant with stealing $40 in bank-notes out of a certain registered letter with which he was intrusted, addressed to the postmaster at Santa Monica, and intended for transmission through the mail to the postmaster at that place. There is no evidence as to the contents of the letter spoken of in the evidence, nor does it otherwise answer the description contained in the first and third counts of the indictment; so that your verdict upon the first and third counts must be "not guilty."

But there remains for you to consider the second count,—that charging defendant with stealing the letter in question,—and you should give to that charge very careful consideration. There is no direct evidence that defendant stole the letter; that is to say, no one, so far as appears, saw him steal it. The government relies for a conviction upon circumstantial evidence. A conviction may be had upon such evidence, provided the circumstances so distinctly point to the guilt of the accused as to leave no reasonable explanation consistent with the theory that he is innocent. In other words, the existence of the inculpatory facts must

be incompatible with the innocence of the accused, and incapable of explanation upon any other reasonable hypothesis than that of his guilt. You cannot convict the defendant unless his guilt is established to your satisfaction, and beyond a reasonable doubt. Mere suspicion, or even strong suspicion, will not justify a conviction; and should the evidence, in your opinion, preponderate in favor of the government, yet this will not authorize a verdict against the defendant unless the proof is such as to convince you of his guilt beyond a reasonable doubt. But when it is said that you cannot find defendant guilty unless from all the evidence you believe him guilty beyond a reasonable doubt, it is not meant that you must be satisfied of his guilt beyond a possible doubt; for the human mind is so constituted that some possible or imaginary doubt may arise in regard to all evidence. A reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence. If, after an impartial comparison and consideration of all the evidence, you can candidly and truthfully say that you are not satisfied of the defendant's guilt, you have a reasonable doubt; but if, after such impartial comparison and consideration of all the evidence, you can truthfully and candidly say that you have a settled conviction of his guilt, such as you would be willing to act upon in the more weighty and important matters relating to your own affairs, you have no reasonable doubt. To sustain a conviction the government must produce evidence clearly showing that defendant is guilty. The defendant need not prove his innocence, but the government must prove his guilt; and the mere fact that there may have been sufficient evidence to justify the post-office officials in procuring his arrest will not justify his conviction.

In the light of these general instructions it is your duty, gentlemen of the jury, to carefully weigh and consider all of the evidence in the case without sympathy for or prejudice against the defendant. That the letter in question was in the Los Angeles post-office on the 27th of May last for transmission in the usual course of mail, to the postmaster at Santa Monica, does not admit of doubt. Whether the letter was stolen from the post-office at Los Angeles, and whether the defendant stole it, are the questions for you to determine. If you believe the testimony of the witnesses Morgan and Mrs. Finn, the letter could not have been stolen from the Santa Monica post-office. Both of these witnesses testified that, when the mail-pouch was received by them on the day in question, it was locked as usual, and in good order; and that, upon opening and examining it, the yellow card of notification was found, but there was no registered letter in it. If you believe that Mrs. Finn and Morgan, or either of them, stole the letter, that would end the case against the defendant, and your verdict should be "not guilty." But if you believe their testimony to be true, you must pursue your inquiries further. The mail-pouch was required to be locked before it left the Los Angeles post-office, and there was no one authorized to unlock it until it reached its destination, the post-office at Santa Monica. Giroux testified that he received the pouch on the 27th of May, as was his custom, at the railroad car in Santa Monica, and carried it to the postmaster there; that when

he received it it was locked, and in good order, and remained so up to the time he delivered it to the postmaster. The testimony of Mrs. Finn and of Morgan has already been referred to. If you find that the pouch was locked and in good order when it reached Santa Monica, as well as when it left the Los Angeles post-office, you should not indulge any imaginary or possible doubts in regard to its being tampered with in its transmission from the one place to the other, in the absence of any testimony tending to show that it was so tampered with. The witness Taylor testified that he delivered the letter in question to defendant on the 27th of May, and took his receipt for it, and that he saw defendant put the letter in the Santa Monica pouch; and several of the witnesses testified that defendant subsequently admitted that he did put the letter in that pouch; and two of them—Risley and Culver—testified that defendant admitted to them that he put the letter in the Santa Monica pouch, and locked it. Postmaster Green testified that on the day in question defendant was charged with the duty of locking the pouch. If he was, the presumption of law, subject, of course, to be rebutted, is that he performed his duty in that regard, and did lock it. But in respect to the oral admissions or statements claimed to have been made by the defendant, I instruct you that such admissions should always be viewed with caution. The imperfection of the medium through which such admissions are transmitted should be considered. The infirmities of memory and the desire to detect an offender are subjects which it is proper to keep in view in weighing this character of testimony. Remarks made by the defendant at the time of arrest or afterwards, should be fairly construed in view of all the facts and surroundings; and, if the defendant stated that the letter in question was taken either by him or at the Santa Monica post-office, it does not necessarily follow that his statement was correct; nor does that declaration, if made, preclude the jury from considering the evidence for the purpose of determining whether the loss of the letter may not be attributable to some other source. In doing so, however, you are not to indulge in mere speculation, but consider the evidence before you as reasonable men. If you find that defendant put the letter in the Santa Monica pouch, but subsequently, and before the pouch was taken from the Los Angeles office, removed the letter from the pouch with intent to steal it, you should find him guilty under the second count of the indictment. But unless the facts and circumstances of the case convince you beyond a reasonable doubt that defendant did this, your verdict should be "not guilty" as to each of the counts. The defendant has testified in his own behalf, and you should give to his testimony such weight as you think it is fairly entitled to. You will also, in arriving at a verdict, consider all of the other evidence in the case, and give to the testimony tending to show that at the time in question other and third parties had access to the post-office at Los Angeles such weight as you think it should receive.