### AMMERMAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 8, 1914.)

No. 4090.

INDICTMENT AND INFORMATION (§ 125*) — DUPLICITY — INTRODUCING LIQUOR INTO INDIAN COUNTRY.

Act March 1, 1895, c. 145, § 8, 28 Stat. 697, which prohibits the introduction of intoxicating liquors into "Indian Territory" and Act Jan. 30, 1897, c. 109, 29 Stat. 506, prohibiting the introduction of intoxicating liquor into the "Indian country," therein defined, create distinct offenses, punishable differently, and requiring evidence of a different character to justify a conviction, and an indictment, charging in the same count a violation of both acts, is bad for duplicity.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against J. O. Ammerman. Judgment of conviction, and defendant brings error. Reversed.

The plaintiff in error was indicted for violation of the laws prohibiting the introduction of intoxicating liquors into the Eastern district of Oklahoma. The indictment is as follows: "Indictment Introducing Liquor into Indian Country. United States of America, Eastern District of Oklahoma. In the District Court of the United States in and for the Eastern District of Oklahoma, at the April Term thereof, A. D. 1913, at Tulsa. The grand jurors of the United States of America, duly impaneled, sworn, and charged, at the term aforesaid of the court aforesaid, to inquire into and due presentment make of offenses against the said United States, on their oath do find, present, and charge that one, J. O. Ammerman, and William J. Creekmore, on the 6th day of March, A. D. 1913, in the county of Tulsa, state of Oklahoma, in the said district and within the jurisdiction of said court, the said county then and there being a portion of the Indian Country of the United States of America did, at the time and place aforesaid, unlawfully, knowingly, willfully, and feloniously introduce and carry into said Indian Country and into the county aforesaid from without said Indian Country, and from without the said district and from without the said state of Oklahoma, one quart of malt, vinous, spirituous, distilled, ardent, and intoxicating liquor, to wit, alcohol, whisky, beer, and wine; the said county and district having been a portion of the territory of the said United States known as the Indian Territory, and at all times was and now is a part of the Indian Country of the said United States

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of America, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

A demurrer to the indictment was filed which, among other grounds, sets up the following: "Third. Said indictment is bad for duplicity in that it charges, or attempts to charge, the defendants, and each of them, with a violation of section 8 of the act of Congress of March 1, 1895, 28 Stat. 693, and with a violation of the act of January 30, 1897, 29 Stat. 506." The demurrer was overruled and proper exceptions saved. Upon a trial there was a verdict of guilty, the verdict reading: "We, the jury in the above entitled cause, duly impaneled and sworn upon our oaths, find the defendant J. O. Ammerman guilty as charged in the indictment."

A motion for a new trial having been overruled, the defendant was sentenced, upon the verdict of the jury, to imprisonment in the United States penitentiary at Leavenworth, Kan., for the term of three years, and to pay a fine of $100 and all costs of the prosecution.

Norman R. Haskell, of Oklahoma City, Okl., and James C. Denton, of Muskogee, Okl. (E. G. McAdams, of Oklahoma City, Okl., on the brief), for plaintiff in error.

W. P. McGinnis, Asst. U. S. Atty., of Muskogee, Okl. (D. H. Linebaugh, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). Section 8, Act March 1, 1895, c. 145, 28 Stat. 693, is as follows:

"That any person, whether an Indian or otherwise, who shall, in said (Indian) Territory, manufacture, sell, give away, or in any manner, or by any means furnish to anyone, either for himself or another, any vinous, malt, or fermented liquors, or any other intoxicating drinks of any kind whatsoever, whether medicated or not, or who shall carry, or in any manner have carried, into said territory any such liquors or drinks, or who shall be interested in such manufacture, sale, giving away, furnishing to anyone, or carrying into said territory any of such liquors or drinks, shall, upon conviction thereof, be punished by fine not exceeding five hundred dollars and by imprisonment for not less than one month nor more than five years."

Act Jan. 30, 1897, c. 109, 29 Stat. 506, is as follows:

"Any person who shall introduce or attempt to introduce any malt, spirituous, or vinous liquor, including beer, ale, and wine, or any ardent or intoxicating liquor of any kind whatsoever into the Indian country, which term shall include any Indian allotment while the title to the same shall be held in trust by the government, or while the same shall remain inalienable by the allottee without the consent of the United States, shall be punished by imprisonment for not less than sixty days, and by a fine of not less than one hundred dollars for the first offense and not less than two hundred dollars for each offense thereafter."

It will be noticed that the punishment provided for a violation of the act of 1897 is imprisonment for not less than 60 days and a fine of not less than $100 for the first offense, and not less than $200 for each offense thereafter, but provides for no maximum imprisonment or fine.

In view of the fact that the act of 1897 is an amendment to Act July 23, 1892, c. 234, 27 Stat. 260, as was held by the Supreme Court in United States v. Wright, 229 U. S. 226, 230, 33 Sup. Ct. 630, 57 L.

Ed. 1160, it may be assumed, although we do not deem it necessary to determine it in this case, that the maximum punishment provided for in the act of 1892 is still in force. That act is a substitute for section 2139 of the Revised Statutes and reads as follows:

"Sec. 2139. No ardent spirits, ale, beer, wine, or intoxicating liquor or liquors of whatever kind shall be introduced, under any pretense, into the Indian country. Every person who sells, exchanges, gives, barters, or disposes of any ardent spirits, ale, beer, wine, or intoxicating liquors of any kind to any Indian under charge of any Indian superintendent or agent, or introduces or attempts to introduce any ardent spirits, ale, wine, beer, or intoxicating liquor of any kind into the Indian country shall be punished by imprisonment for not more than two years, and by a fine, of not more than three hundred dollars for each offense. But it shall be a sufficient defense to any charge of introducing or attempting to introduce ardent spirits, ale, beer, wine, or intoxicating liquors into the Indian country that the acts charged were done under authority in writing from the War Department, or any officer duly authorized thereunto by the War Department. All complaints for the arrest of any person or persons made for violation of any of the provisions of this act shall be made in the county where the offense shall have been committed, or if committed upon or within any reservation not included in any county, then in any county adjoining such reservation, and, if in the Indian Territory, before the United States court commissioner, or commissioner of the circuit court of the United States residing nearest the place where the offense was committed, who is not for any reason disqualified; but in all cases such arrests shall be made before any United States court commissioner residing in such adjoining county, or before any magistrate or judicial officer authorized by the laws of the state in which such reservation is located to issue warrants for the arrest and examination of offenders by section ten hundred and fourteen of the Revised Statutes of the United States. And all persons so arrested shall, unless discharged upon examination, be held to answer and stand trial before the court of the United States having jurisdiction of the offense."

It will thus be seen that the acts of 1895 and 1897 create distinct offenses, punishable differently, and necessitating evidence of a different character to justify a conviction. The act of 1897 prohibits the introduction of intoxicating liquors into the Indian *country,* and expressly defines what shall be Indian country within the meaning of the act. On the other hand, the act of 1895 prohibits the introduction of liquors into the Indian *Territory* as it then existed, and which act, it has been authoritatively held, is still in force, in that part of the state of Oklahoma which, before the state was admitted into the Union, constituted the Indian Territory. Ex parte Webb, 225 U. S. 663, 32 Sup. Ct. 769, 56 L. Ed. 1248; United States v. Wright, supra; United States Express Co. v. Friedman, 191 Fed. 673, 112 C. C. A. 219; and the late case of Joplin Mercantile Co. v. United States, 213 Fed. 926, 131 C. C. A. 160.

The indictment, it will be noticed, charges a violation of both statutes. It charges that:

"In the county of Tulsa and state of Oklahoma, the said county then and there being a portion of the Indian Country of the United States of America, did introduce and carry into said Indian Country from without said Indian Country, and from without said district and from without the state of Oklahoma, one quart of alcohol. * * * The said county and district having been a portion of the territory of the said United States known as the Indian *Territory,* and at all times was and is now a part of the Indian *Country* of the said United States of America."

The first part of the indictment charges the introduction of intoxicating liquors into that part of Tulsa county which is Indian *country,* and the latter part of the indictment charges the defendant with having introduced intoxicating liquor into the county, which was a portion of the territory of the United States known as the "Indian Territory." This is clearly duplicitous, as was held by this court in John Gund Brewing Co. v. United States, 204 Fed. 17, 122 C. C. A. 331, and authorities there cited. Perhaps no better illustration of the danger of permitting such an indictment to stand can be found, than this case affords. The verdict of the jury finds the defendant guilty as charged in the indictment. Does this mean that the defendant was guilty of violating the act of 1895 or the act of 1897? The learned trial judge was evidently of the opinion that the defendant was guilty of violating the act of 1895, introducing intoxicating liquors into that part of the state of Oklahoma which was formerly the Indian Territory, for he sentenced him to imprisonment in the penitentiary for three years, while under the act of 1897, treating it as leaving the maximum punishment provided in the act of 1892 still in force, confinement in prison is limited to two years.

We are of the opinion that the court below erred in overruling the demurrer to the indictment, and the cause is reversed, with directions to set aside the judgment and sustain the demurrer to the indictment