UNITED STATES v. SCHAEFER et al.

(District Court, E. D. Pennsylvania. January 23, 1918.)

No. 89.

WAR ☞4—PRECAUTIONARY MEASURES—ESPIONAGE ACT—INDICTMENT.
　　Under an indictment charging violation of the Espionage Act June 15, 1917, c. 30, 40 Stat. 217, by making "false reports and statements, with intent to promote the success of the enemies of the United States," whether the acts charged sufficiently show the intent is a trial question, and not a question of pleading.

Criminal prosecution by the United States against Peter Schaefer, Paul Vogel, Louis Werner, Martin Darkow, and Herman Lemke. On demurrers to indictment. Overruled.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Ernest Harvey, Asst. U. S. Atty., Francis Fisher Kane, U. S. Atty., and Samuel Rosenbaum, Sp. Asst. U. S. Atty., all of Philadelphia, Pa. Wm. A. Gray, of Philadelphia, Pa., for defendants.

DICKINSON, District Judge. The demurrers are filed separately on behalf of each one of the defendants. The grounds of demurrer set forth apparently go only to a challenge of the criminal character of the acts charged, but the argument extended also to a criticism of the form of the indictment. We will refer to both features.

The present unhappy state of the Russian people and the bayonet thrust which has been made at the heart of Italy are commonly thought to be illustrations of the baneful results which may follow an enemy propaganda when permitted to undermine the defensive strength of a nation at war. This is the offense, the guilt of which is the charge laid at the door of these defendants, in that they "did knowingly, willfully, and unlawfully make and convey false reports and statements, with intent to promote the success of the enemies of the United States"; the particular enemy whose success was meant to be promoted being named. When we reflect upon the immeasurable calamity which the victory of such an enemy over us would be to all our people, a denial of the guilt of the commission of any act which would in the least degree promote it can be understood and would be expected. It is not easy to understand, however, how it could possibly be that such acts had not been made to constitute an offense against the law, if there was any law upon the subject.

The point made is that the acts charged here are not acts of the kind and character condemned by the law, in that they "are not such as constitute the making and conveying of false reports and statements with the intent to promote the success of the enemies of the United States," and are not such as to constitute the offense of "obstructing recruiting and enlistment," and the like. All which need now be said is that the act of Congress of June 15, 1917, brands as a crime reports and statements made with the intent indicated, and as equally criminal with obstructing recruiting and the like, and this indictment charges these defendants with the commission of these acts. Whether what they did was in legal intendment and effect what they are charged with doing is a trial question, not a question of pleadings.

We refuse to sustain the demurrers in this respect, basing our refusal on the familiar ground that the question raised can always be at least as well raised at the trial as by demurrer, and we think is here one which can be properly ruled only at the trial. United States v. Pierce (D. C.) 245 Fed. 878, is a case which presents the only thought which can properly be advanced in cases of this kind. Freedom of political discussion, either through the printed page or otherwise, is without doubt a right essential to the cause of democracy, and is one to which the American people are so devoted that, without a change in our Constitution, made with their sanction and approval, such discussion cannot be made unlawful, nor this freedom curtailed. Whenever this right is involved, it will be upheld by courts and juries alike. This is a far cry, however, from the judicial finding that the right is in-

volved whenever it suits the purposes of a defendant to assert that it is involved. It is the whole act done which determines its character. This is sometimes disclosed by the surface indications, but criminality is no less real because accompanied with subtle and cunning attempts to hide itself under the cloak of constitutional privileges.

The vice of duplicity in pleading ascribed to this indictment does not appear to be present. Ammerman v. United States, 216 Fed. 326, 132 C. C. A. 470, presented a wholly different question. There one act of Congress made it a criminal offense to introduce liquor into a political territorial division, defined as the Indian Territory, and prescribed a punishment for the offense; another act of Congress made it an offense to introduce liquor into any Indian country, defining the meaning of that term as used in the act, and prescribing a different penalty. Not only did the punishment to be imposed differ, but the offenses were created by different acts and were wholly separate and distinct offenses, and the evidence by which guilt could be established was different. The court held that the two offenses could not be charged together in one count. It is clear that R. S. § 1025 (Comp. St. 1916, § 1691), justified the court in sustaining the demurrer. The ruling has, however, no application to the present case. R. S. § 1025, supplies us with an all-sufficient guide to determine what indictments are good.

We find no defects in the present indictment which can prejudice the rights of the defendants. The only substantial thing they are claiming by these demurrers is that the court shall say, in advance of the evidence being heard, that the acts charged to be criminal are not criminal. The defendants by this are invoking no right which belongs to them.

The demurrers are overruled, and judgment is entered in accordance with R. S. § 1026 (Comp. St. 1916, § 1692).