## THORN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.   February 3, 1922.)

No. 5712.

1. **Prostitution 4—Evidence held not to sustain conviction for violation of White Slave Traffic Act.**

In a prosecution under White Slave Traffic Act June 25, 1910 (Comp. St. §§ 8812–8819), for knowingly causing the transportation of a girl from one state into another for an immoral purpose, where the testimony of the girl, which was uncontradicted, was that she insisted on going to a city in the other state, for reasons which she stated, and that she paid for both tickets, the evidence *held* insufficient to sustain a conviction.

2. **Prostitution 3—Indictment for Mann Act held sufficient.**

An indictment under White Slave Traffic Act June 25, 1910 (Comp. St. §§ 8812–8819), for knowingly causing the transportation of a girl from one state into another for an immoral purpose, *held* not insufficient because it stated that the common carrier over which the transportation occurred was unknown to the grand jurors.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Raymond Thorn. Judgment of conviction, and defendant brings error.   Reversed.

Chase Morsey, of St. Louis, Mo., for plaintiff in error.

Eustace C. Wheeler, Asst. U. S. Atty., of St. Louis, Mo. (James E. Carroll, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before CARLAND, Circuit Judge, and LEWIS and COTTERAL, District Judges.

COTTERAL, District Judge.   The plaintiff in error was convicted and sentenced upon the second count of an indictment, under the Act of June 25, 1910, 36 Stat. 825 (Comp. St. §§ 8812–8819), wherein he was charged with knowingly causing the transportation, over the line of a common carrier, by name to the grand jurors unknown, of Virginia Eagle, then 17 years old, from Marion, Ill., to St. Louis, Mo., for the purpose of illicit sexual relations.

[1] At the conclusion of the testimony, defendant's counsel moved the court to direct a verdict in his favor.   The motion was denied, and error is assigned upon that ruling.   Three witnesses testified at the trial—Virginia Eagle, her mother, and a landlady at St. Louis—all in behalf of the government.   The question is presented whether upon their testimony the defendant was entitled to such peremptory instruction.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The mother testified that the defendant resided with his wife, a sister of Virginia Eagle, at the home of their parents at Parkersburg, W. Va.; that the girl was unemployed, received "a little money along" for her needs from her father, and had only $4 or $5 when she left home. The girl testified that immoral relations between her and the defendant began there, and that she, being enceinte, suggested their departure, to avert disgrace. She denied such relations thereafter. Continuing her account: They left in July, traveling on the same train to East St. Louis, engaged in light housekeeping there two weeks as husband and wife, under an assumed name, and thence went to Marion, Ill., where they lived in furnished rooms as Mr. and Mrs. Thorn until November. Then they went on the journey from Marion to St. Louis, by railroad, the name of which she did not remember. The defendant left the train at East St. Louis, but rejoined her the same afternoon at the Union Station in St. Louis. Shortly they engaged rooms on Laclede avenue, which they occupied apparently, but not actually, as husband and wife, until they rented a flat, always nominally as Mr. and Mrs. Thorn. A child was born to her at the Laclede place in February. They resided there at the time of the trial, but not as "man and wife." The landlady confirmed the renting to them of a room containing but one bed, by arrangement of defendant, who represented they were Mr. and Mrs. Thorn, and later a kitchenette in addition; also their occupancy of those quarters until their arrest in July.

The girl, when asked why they went to St. Louis, answered:

"Well, I wanted to come because there was no place in the little town of Marion for me to go in case I was ill." "I persuaded him to come on over. I wanted him to come, and I asked him to come with me, because I did not know the place very well; so he came."

She also stated she had never been at St. Louis. She explicitly denied that he induced or persuaded her to go, and said it was her idea and suggestion, with the object of confinement there; that she bought both tickets for the trip with her own money, carried a suitcase and a satchel, and he checked the trunk, which he and another carried to the depot. She further testified that in three or four days he obtained a position on a street car, being experienced in such employment, and, when she persuaded him to go to St. Louis, he was ready to take a similar and more remunerative position at Marion.

With the testimony thus summarized for our consideration, we feel compelled to hold that it was insufficient to sustain defendant's conviction of the offense here charged, however reprehensible his conduct. The statute makes the transportation, or causing it, or aiding in obtaining it, or in transporting, a necessary element of the offense. It must be recognized that either of these parties might have planned or been the moving cause of the journey to St. Louis. The testimony is direct, both in denying that the defendant caused or had part in bringing it about and in fixing the responsibility with Virginia Eagle. There is a dearth of testimony on the subject as against him, unless by way of circumstances; but they tend only to create suspicion or show acquiescence in her will with respect to the

transportation. In our opinion, the case falls within the rule announced in Wright v. United States, 227 Fed. 855, 142 C. C. A. 379, where it was said:

"Unless there is substantial evidence of facts which exclude every other hypothesis but that of guilt, it is the duty of the trial court to instruct the jury to return a verdict for the accused; and where all the substantial evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction."

[2] The indictment was challenged by demurrer and motion in arrest, on several grounds. There has been no discussion of them, and only a reference to a supposed uncertainty in the failure to specify the carrier on which the alleged transportation occurred, whereby it is claimed the defendant was unable to refute the evidence of the government. It is clear there is no force in any of the objections, and we therefore hold the indictment to be sufficient.

Another assignment is that there was error in receiving the testimony as to the means possessed by Virginia Eagle. Its tendency was to show that she was unable to buy the tickets at Marion, and, while it was remote, the objection was addressed rather to its weight than its admissibility, and was properly overruled.

Upon the ground that the peremptory instruction asked by the defendant should have been given, but was refused, the judgment must be reversed, with direction to the District Court to grant a new trial. It is so ordered.

CARLAND, Circuit Judge, concurs, except as to the language quoted from Wright v. U. S., 227 Fed. 855, 142 C. C. A. 379.