### HANING v. UNITED STATES.

### VINCIQUERRA v. SAME.

Circuit Court of Appeals, Eighth Circuit.
August 26, 1927.

Nos. 7484, 7485.

1. **Conspiracy** ⊂⇒47—**Evidence held insufficient to support conviction for conspiracy to illegally transport liquor.**

That a woman defendant accepted an invitation of her codefendant to ride in his car, which had whisky in it, was insufficient to prove that she knew there was whisky in it, and much less to prove that she conspired with her codefendant to transport it.

2. **Conspiracy** ⊂⇒44½—**Government had burden of proving beyond reasonable doubt that defendant conspired with codefendant to transport whisky.**

In prosecution for conspiracy to violate the National Prohibition Act, tit. 2 (27 USCA

§ 4 et seq.) by transportation of whisky, burden was upon the government to prove beyond a reasonable doubt that defendant conspired with codefendant in transportation of whisky, legal presumption being that she did not so conspire.

### 3. Criminal law ⟜1159(2)—Conviction must be reversed when all substantial evidence is as consistent with innocence as with guilt.

When all the substantial evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction.

In Error to the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Criminal prosecution by the United States against Earl Haning and Louise Vinciquerra. Judgment of conviction, and defendants bring error. Reversed and remanded with directions.

William N. Jamieson (of Jamieson, O'Sullivan & Southard), of Omaha, Neb., for plaintiffs in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb. (George A. Keyser and Ambrose C. Epperson, Asst. U. S. Attys., both of Omaha, Neb., Philip M. Aitken, Asst. U. S. Atty., of Lincoln, Neb., and William J. Froelich, Asst. U. S. Atty., of O'Neill, Neb., on the brief), for the United States.

Before SANBORN and BOOTH, Circuit Judges, and MILLER, District Judge.

SANBORN, Circuit Judge. The first alleged error of which the defendants below, Earl Haning and Louise Vinciquerra, complain, is that, after all the evidence had been received, the court denied their request to instruct the jury to return a verdict in their favor on the ground that there was no evidence in the case sufficient to sustain a verdict against them. The charge in the indictment under which they were tried was that, on or about the 16th day of October, 1925, they did unlawfully and feloniously conspire with other persons to the grand jury unknown "to unlawfully possess, unlawfully transport, and unlawfully cause to be transported, and to unlawfully sell, in violation of title 2 of the National Prohibition Act (27 USCA § 4 et seq.) intoxicating liquor," fit for beverage purposes; that this conspiracy was to be effected by the means following: "That the said defendants would unlawfully possess and unlawfully transport and cause to be transported and unlawfully sell certain intoxicating liquor * * * in the city of Lincoln, Neb., * * * without first obtaining a permit from the Commissioner of Internal Revenue

so to do;" and that on the 17th day of October, 1925, in pursuance of this conspiracy to effect its object, they did possess and transport and cause to be transported in the city of Lincoln about two gallons of moonshine whisky. The defendants pleaded not guilty to this indictment, were tried, and at the close of the trial the court held and charged the jury that the only offense charged in this indictment was the conspiracy; that they could not find either of the defendants guilty as charged in the indictment of this conspiracy, "with divers other persons to the grand jurors unknown," because there was no evidence to that effect; that they could not find either of them guilty of any conspiracy unless each of them agreed and conspired with the other, for one could not conspire alone, and that, unless both conspired to commit the offense, they must acquit both; that the evidence in this case was insufficient to sustain a verdict that the defendants conspired to possess any intoxicating liquor, or that they conspired to sell any; and that "the only part of the conspiracy alleged which is submitted to you is the conspiracy to unlawfully transport without a permit as stated in the indictment."

The only question in this court therefore is, Was the evidence in this case so substantial and sufficient as to sustain the verdict of guilty of this charge of conspiracy? These facts were established. The defendant Haning had been in the service of the United States as a prohibition agent, but had left that occupation about 1923. He lived and had lived for two or three years in the city of Lincoln, Neb., but prior to that time he had lived in Omaha. Louise Vinciquerra lived and had lived for many years in Omaha, and had been acquainted with Haning when he had lived there and since that time. She testified that she lived at 2002 North Forty-Eighth street, Omaha; that on October 17, 1925, she came down from Omaha to Lincoln to see a man in the Scotch Woolen Company, who was making a suit of clothes on her order for her brother; that during the day she went to call on a friend, and about 1 o'clock, as she was returning toward the business portion of the city, she was standing at Thirty-Third street and Randolph street waiting for a street car to go down to the Scotch Woolen Company, when Haning came along, driving a Ford sedan, stopped, and made her get in. She further testified that, after she was in the car and they had traveled some distance, Karl Schmidt, a federal prohibition agent for Nebraska, chased them, and, after running some

blocks, Haning took two jugs of moonshine whisky out of a gunny sack that was in back of the front seat in the sedan and broke them out of the window of the car in which she was sitting. She testified that at the time she accepted his invitation and got into the car she did not know that there was any whisky in the car. Mr. Holter, a witness for the United States, testified that he knew Haning and had known him for more than a year; that he was standing at Twenty-Seventh and D streets in Lincoln about 1:30 p. m. on October 17, 1925, when Haning came along in a Ford sedan; that when he saw Haning he threw up his hand and waved, and Haning stopped his car and he got in; that he did not really stop Haning but that he just waved his hand, and Haning saw who it was and expected him to get in, and he rode with him, that was all; that he saw a package in a gunny sack in the car just back of the front seat as he was sitting on the back seat, which package proved to have two jugs of whisky in it; that Karl Schmidt in his car chased them, and Mrs. Vinciquerra on the direction of Haning broke the two jugs out of the window of the car, and Schmidt crowded Haning off the street and stopped them. This was all the evidence relevant to the conspiracy that had come into the case when the trial was completed. The record contains no evidence more persuasive than that which has been recited that Haning and Mrs. Vinciquerra conspired or agreed to transport this or any other intoxicating liquors in Lincoln, Neb. It is true that over the objection of Mrs. Vinciquerra the court admitted in evidence a certified copy of her prior conviction of a felony, but the court rightly charged the jury that this evidence could be considered by them upon the question of the credibility of Mrs. Vinciquerra alone, and that it was not to be considered by them upon the question whether or not she was guilty of this conspiracy. [1] So it was that, when this case went to the jury, the only question was whether Mrs. Vinciquerra had conspired or agreed with Haning to transport this two gallons of whisky. The presumption was that she had not. She testified that she did not conspire and did not know he had any whisky

in his car when he invited her to get into it and she accepted that invitation. There is stronger evidence of a conspiracy between Haning and Holter to transport this whisky than there is of one between Mrs. Vinciquerra and Haning, for Holter testified he waved to Haning when he saw him coming, that Haning, as soon as he saw him, stopped his car, and he got into the car because Haning expected him to do so. The evidence that Mrs. Vinciquerra broke the jugs had no tendency to prove transportation or her conspiracy to transport, for the breaking of the jugs did not further but prevented the transportation. The fact that Mrs. Vinciquerra accepted Haning's invitation to ride in his car when there was whisky in it was insufficient to prove either that she knew there was whisky in it, much less that she had conspired with Haning to transport it. United States v. Jianole (C. C. A.) 299 F. 496; Stafford et al. v. United States (C. C. A.) 300 F. 540; Coffin v. United States, 156 U. S. 432, 15 S. Ct. 394, 38 L. Ed. 481; Union Pacific Coal Co. v. United States (C. C. A.) 173 F. 737, 740.

[2, 3] The burden was upon the United States to prove beyond a reasonable doubt that Mrs. Vinciquerra conspired with Mr. Haning to transport this whisky. The legal presumption was that she did not so conspire. When all the substantial evidence is as consistent with innocence as with guilt, it is the duty of the appellate court to reverse a judgment of conviction. Vernon v. United States (C. C. A.) 146 F. 121, 123, 124; Wright v. United States (C. C. A.) 227 F. 855, 857; Edwards v. United States (C. C. A.) 7 F.(2d) 357, 360; Siden v. United States (C. C. A.) 9 F.(2d) 241, 244; Ridenour v. United States (C. C. A.) 14 F.(2d) 888, 893.

The relevant and substantial evidence in this case is not only as consistent, but much more consistent, with the innocence than with the guilt of the defendant Mrs. Vinciquerra of the conspiracy charged in the indictment, and, as Haning could not conspire alone, each of the judgments in this case must be reversed, and the cases must be remanded to the court below, with directions to set aside the verdicts. It is so ordered.