## UNITED STATES v. SILVA et al.

### No. 55.

Circuit Court of Appeals, Second Circuit.

Nov. 9, 1942.

248

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

George W. Herz, of Ridgewood, N. Y., for defendant-appellant.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The appellant was tried in the District Court for the Eastern District of New York on an indictment in five counts charging her and an unidentified person designated by the fictitious name of John Doe with possession of an unregistered still; with the unlawful manufacture of alcohol; with engaging in the business of a distiller without filing a notice of intention and a bond; with the unlawful possession of distilled spirits in containers not having affixed thereto the required internal revenue stamps; and with conspiracy in violation of 18 U.S.C.A. § 88 to commit the substantive crimes charged in the other counts in the indictment, i. e., to violate sections of the Internal Revenue Code including Title 26 U.S.C.A. Int.Rev.Code §§ 2803, 2810, 2814, 2834. The unknown defendant was never identified or found and there was a severance before trial as to him. The appellant, after trial by jury, was ac-

quitted on all the substantive counts but convicted on the conspiracy count. Her appeal is from the judgment entered on that verdict.

The only substantial ground for reversal is the denial of the appellant's motion to set aside the verdict on the ground that it was "contrary to law and the evidence." The latter was, indeed, very skimpy and may be summarized as follows:

In the early evening of Dec. 19, 1941 there was a fire in a two and one-half story frame house at No. 155-01 115th St., Jamaica, N. Y. A fireman testified that upon his arrival at the premises he found them filled with smoke from a fire in the wall of a room at the rear of the second floor where a 50-gallon still was found in operation. He also found eleven 50-gallon barrels of mash in the same room and five cans of alcohol in the hallway. He found little furniture; no dishes; no clothing except one pair of pants and no people at the premises. A policeman to whom the fireman turned over the premises after the fire had been extinguished described them in similar fashion and added that the cans of alcohol did not have revenue stamps attached. Like testimony was given by a Special Agent of the U. S. Treasury Department who adopted the seizure about nine o'clock that evening. He took samples of the mash and of the contents of the cans which, when analyzed, proved to have an alcoholic content of from 1.3% by volume in one sample of the mash to 8.99% in another; and of 41.35% in the sample of the liquid in the cans.

The appellant was arrested a little less than two months later in Jersey City, N. J., and then denied any knowledge of the still or the premises in which it was found. She said that she had not been in Jamaica, N. Y., for over two years and reiterated it when she testified as the only defense witness. There was evidence on which the jury could have found that the appellant had looked over the premises during the last week in November, once alone and once with a man she said was her husband, and then had rented them, under the name of Mrs. Jose Gomes, saying that she and her husband would occupy them with her brother-in-law and his wife; that she took possession about the first of December; that gas service was ordered and furnished in the name of Mrs. Gomes; and that a woman of her appearance was seen twice about the place before the fire. There was

no evidence that anyone else was seen there except "two young fellows" on one day.

A week or two after the fire the key to the premises was returned to the landlady by a police officer and she then went in and found an envelope addressed to Mrs. Gomes; a small amount of furniture, no dishes, and no clothing but a pair of pants.

When the appellant testified she gave her name as Lucile Silva and admitted having been placed on probation in 1939 in the District Court after conviction and sentence on the charge of illegally operating a still and also admitted having been convicted twice for violation of the gambling law.

[■] If a bad record and the likelihood that the appellant was operating the still before the fire, though the evidence was circumstantial and insufficient to lead the jury to that conclusion, were enough to prove the charge of conspiracy, this appeal would be fruitless, but obviously that is not enough when the government's burden to prove the crime beyond a reasonable doubt is given effect. It was necessary to show that the appellant had agreed to act in concert with someone to commit the substantive crimes charged. If such agreement had been proved, the appellant's rental of the premises was, of course, enough to satisfy the need for proof of some overt act in furtherance of the contract but without evidence from which a partnership in crime could, at least, fairly be inferred her acts must be treated as hers alone. This was plainly a one-man still and in the premises rented by a woman with the record of this appellant may well have been a one-woman still. Perhaps the pants found belonged to a man who was her confederate but that inference was wholly unsupported by any evidence that they showed signs of use about the still. There is no magic about a count charging conspiracy. It is simply an accusation of a distinct crime and evidence in support of it must be so clear and convincing as to leave no reasonable doubt. The government merely fails in its proof when its evidence but creates a sort of mystery as to which one guess is as good as another. Copeland v. United States, 5 Cir., 90 F.2d 78; Shannabarger v. United States, 8 Cir., 99 F.2d 957; Kassin v. United States, 5 Cir., 87 F.2d 183.

Reversed.