826

Circuit Court of Appeals, Fifth Circuit.
Dec. 9, 1944.

Rehearing Denied Jan. 13, 1945.

Howard Dailey, Geo. W. Harwood, and Kent D. Allen, all of Dallas, Tex., for appellants.

Joe H. Jones, Asst. U. S. Atty., of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

Appellants were found guilty of possessing whiskey knowing that it had been stolen from an interstate shipment, and of conspiring to receive the stolen whiskey. Their appeal challenges the sufficiency of the evidence to sustain their conviction.

The record contains direct evidence to establish that the whiskey was stolen from a shipment in interstate commerce, and that appellants thereafter took it into possession. The crucial point under both counts is whether the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence,[1] that they knew the whiskey had been stolen when they received it. Measured by this exacting standard, we think the evidence warranted the verdict of the jury.

According to the uncontradicted evidence, a truck with trailer attached, containing 500 cases of whiskey consigned from Illinois to New Mexico, was stolen from a motor carrier in Dallas, Texas, on the evening of November 14, 1943. At 1:30 a.m. on November 15th, this truck and trailer were in the yard of Mae Hatch's home in Dallas, and Duane Smith was transferring the whiskey from the trailer to the ground. After it was unloaded, Smith drove the truck and trailer to a distant roadside and abandoned it. Mrs. Hatch, who had followed him, picked him up and brought him to where his car was parked. Smith told her that he would bring some men to help him move the whiskey from the yard into the house. Shortly thereafter, he returned to the home of Mrs. Hatch accompanied by the appellants, and the three men removed the whiskey from the yard into the bedroom of the house.

The work was finished before dawn without the benefit of lights on the lawn or in the bedroom, and Mrs. Hatch was cautioned to say nothing about the matter. She testified that the occurrence so frightened her that she was afraid to stay in the house; that she tried to persuade Smith to remove the whiskey immediately, knowing that it was "hot"; and that she left on a visit to Oklahoma City the following Thursday. An agent of the F. B. I. testified that the appellant Casten told him that some unidentified man came to Casten's home about three o'clock on the morning of November 15th and told Casten that he knew where two or three hundred cases of whiskey were located that could be stolen. The appellants offered no evidence to explain their conduct.

The brief lapse of time between the separation of Mrs. Hatch and Smith and his reappearance at her home with the ap-

---

[1] This is the quantum of proof required in criminal cases depending upon circumstantial evidence. Paddock v. United States, 9 Cir., 79 F.2d 872; Kassin v. United States, 5 Cir., 87 F.2d 183; Copeland v. United States, 5 Cir., 90 F.2d 78; Cooper v. United States, 5 Cir., 91 F.2d 195.

pellants suggests the likelihood of some prearrangement with them, as did his statement to her that he would bring some men to help him move the whiskey. The possession of so huge a quantity of whiskey of the same brand, and its surreptitious concealment in the early morning hours without benefit of lights, were fraught with suspicious implications.

The only reasonable inference from these unexplained actions, considered as a whole and in their relation to each other, was that the appellants knew the whiskey had been stolen at the time they took possession of it.

The judgment appealed from is affirmed.