**Margarito Ramirez GUTIERREZ, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 19789.**

United States Court of Appeals Fifth Circuit.

Jan. 30, 1963.

———◆———

Charles W. Tessmer, Dallas, Tex., for appellant.

Barefoot Sanders, U. S. Dist. Atty., for Northern Dist. of Texas, William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., Robert B. Ward, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This appeal from a verdict and judgment of guilty and sentence pursuant thereto presents under three numbered points the single proposition that the evidence, circumstantial as it was, was wholly insufficient to establish defendant's guilt and his motion for directed verdict should have been granted. We agree. Kassin v. United States, 5 Cir., 87 F.2d 183; Panci v. United States, 5 Cir., 256 F.2d 308.

The theory of the government was that the agents had put a stake out on one Mauricio and that the purpose of the stake out was to witness a delivery by Gutierrez of the marihuana in question to Mauricio. Instead, however, of furnishing evidence that Gutierrez had been seen making the delivery, the government relied entirely on the arrangements with Mauricio to make contract with Gutierrez, on the fact that Mauricio had told the government agent that he was going to make contact with him, and that when Mauricio returned he told the agent that everything was all right and he had the marihuana. In short, as in Panci v. United States, supra, the government, instead of proving that Gutierrez had made a delivery, relied on the hearsay statements of Mauricio. This will not at all do.

All that the government's testimony established was that Mauricio was sent to get marihuana from the defendant and that when he returned with a bag with marihuana in it, he told the government agent that he had gotten it from Gutierrez. The agent, Taylor, on whose testimony the government relied, testified not that he saw Gutierrez deliver marihuana to Mauricio but merely that he saw Mauricio when he went to the front of the bar and he had nothing in his possession; that Gutierrez handed Mauricio a paper bag and then walked down toward

the cafe; that Mauricio stood in front of the bar and had this brown paper bag that Gutierrez had given him; that thereupon Mauricio entered a Yellow cab and the cab drove to the McKinney Inn; that the witness Taylor followed the cab in his automobile, and he saw only the driver of the cab and Mauricio; that the cab did not stop until it got to the McKinney Inn; and that the door was opening as he turned the corner, and he saw Mauricio come out of the Mc-Kinney Inn with agent Mayo.

The evidence does not show that Mauricio was in sight of the agents at all times, nor does it otherwise establish that Gutierrez delivered marihuana to Mauricio. There is nothing here in short but suspicion. The evidence does not exclude, as it must have done, every other reasonable conclusion than that of guilt.

The motion for directed verdict should have been granted. The judgment is, therefore, reversed and the cause is remanded with directions to acquit the defendant.