## SALAZAR v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 13, 1916.)

No. 4643.

CRIMINAL LAW ⊛1184—APPEAL—MODIFICATION OF SENTENCE.

In a prosecution under Act Cong. July 23, 1892, c. 234, 27 Stat. 260 (Comp. St. 1913, § 4140), as amended by Act Jan. 30, 1897, c. 109, 29 Stat. 506 (Comp. St. 1913, § 4137), fixing as the maximum penalty for selling liquor to Indian wards of the United States imprisonment for not more than two years and a fine not exceeding $300, a sentence which imposed a fine of $500 and imprisonment for six months need not be reversed and remanded by the Circuit Court of Appeals, but the sentence may be modified, so as to strike out the excessive fine, and the judgment be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3199, 3200; Dec. Dig. ⊛1184.]

In Error to the District Court of the United States for the District of New Mexico.

Juan J. Salazar was convicted of selling intoxicating liquor to an Indian who was a ward of the United States, in violation of Act July 23, 1892, as amended by Act Jan. 30, 1897, and he brings error. Modified and affirmed.

C. C. Catron, of Santa Fé, N. M., for plaintiff in error.
Summers Burkhart, U. S. Atty., of Albuquerque, N. M.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

VAN VALKENBURGH, District Judge. The plaintiff in error was convicted of selling intoxicating liquor to an Indian who was a ward of the United States under the charge of an Indian superintendent or agent. The prosecution was brought under the act of Congress of July 23, 1892 (27 Statutes at Large, 260), as amended by the act of January 30, 1897 (29 Statutes at Large, 506). Morgan v. Ward et al., 224 Fed. 698, 140 C. C. A. 238; United States v. Wright, 229 U. S. 230, 231, 33 Sup. Ct. 630, 57 L. Ed. 1160. Under these statutes the maximum penalty for the offense charged is imprisonment for not more than

two years and a fine of not more than $300. The minimum punishment is imprisonment for not less than 60 days and a fine of not less than $100 for the first offense, and not less than $200 for each offense thereafter. It is further provided that the person convicted shall be committed until fine and costs are paid. The sentence in this case was imprisonment in the United States jail, located at the New Mexico state penitentiary at Santa Fé, N. M., for a period of six months, and a fine of $500 with costs.

The only error urged in this court is that the punishment was excessive, in that the fine imposed exceeds, by $200, the maximum provided by law in such cases. It is contended on behalf of plaintiff in error that the sentence is therefore void, or at the very least that the case must be remanded to the District Court for resentence within the limits prescribed by statute. Under the decided cases the determination of the question presented is not attended with difficulty. Where a court has jurisdiction of the person and of the offense, the imposition of a sentence in excess of that which the law permits does not render void the legal or authorized portion of that sentence. United States v. Pridgeon, 153 U. S. 48, 62, 14 Sup. Ct. 746, 38 L. Ed. 631; In re Coy, 127 U. S. 731, 757, 8 Sup. Ct. 1263, 32 L. Ed. 274.

"Where error is discovered in the proceedings in a criminal case properly presented to a Circuit Court of Appeals for review, it is empowered to enter such judgment and to impose such sentence as the law prescribes, or to reverse the judgment, and direct the court below to take such further proceedings as the justice of the case may require." Whitworth v. United States, 114 Fed. 302 305, 52 C. C. A. 214, 217; Hanley v. United States, 123 Fed. 849, 59 C. C. A. 153; Gardes v. United States, 87 Fed. 172, 30 C. C. A. 596; Haynes et al. v. United States, 101 Fed. 817, 42 C. C. A. 34; Ballew v. United States, 160 U. S. 187, 16 Sup. Ct. 263, 40 L. Ed. 388.

In the case at bar the imprisonment imposed is well within the terms of the statute, and the fine alone is excessive. To correct the error it is necessary only to remit the excess, without otherwise disturbing either conviction or sentence.

The judgment below will be modified, by reducing the fine imposed from $500 to $300, and, with this modification, is affirmed. Upon the coming in of the mandate, the District Court is directed to enter judgment in conformity with this opinion.