MORGAN, Warden of U. S. Penitentiary, v. WARD et al.*

(Circuit Court of Appeals, Eighth Circuit. February 1, 1918.)

No. 4915.

CRIMINAL LAW ⟐1216(1)—HABEAS CORPUS—RELEASE PENDING APPEAL—EF-
FECT.
    * Where petitioners, pending appeal in habeas corpus proceedings, were
    on their own application released, though they failed to enter into the
    recognizance required by court rule 33, subd. 3 (150 Fed. xxxvi, 79 C. C.
    A. xxxvi), such period cannot be counted as part of the period of im-
    prisonment, on the theory that, as they failed to give recognizance, they
    were subject to arrest at any time, for it was as much their duty to enter
    into the recognizance as for the court to require it.

Appeal from the District Court of the United States for the District
of Kansas; John C. Pollock, Judge.

Habeas corpus by Dan A. Ward and W. A. Greenwood against
Thomas W. Morgan, Warden of the United States Penitentiary at
Leavenworth, Kan. There was a judgment discharging petitioners,
and respondent appeals. Reversed, with directions.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Rob-
ertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellant.

I. J. Ringolsky, of Kansas City, Mo. (M. L. Friedman, Ringolsky &
Friedman and Harry L. Jacobs, all of Kansas City, Mo., on the brief),
for appellees.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER,
District Judges.

AMIDON, District Judge. Appellees are prisoners in the federal
penitentiary at Leavenworth, Kan. This is a proceeding by habeas
corpus for their release. The case has been here once before on a
like application. 224 Fed. 698, 140 C. C. A. 238. On the going down
of the mandate from our judgment then, the defendants surrendered
themselves to the warden of the penitentiary, and were again incar-
cerated. While the case was pending here they were at large. Sub-
division 3 of rule 33 of this court (150 Fed. xxxvi, 79 C. C. A. xxxvi)
provides:

    "Pending an appeal from the final decision of any court or judge discharg-
ing the prisoner [on habeas corpus], he shall be enlarged upon recognizance,
with surety, for appearance to answer the judgment of the appellate court,
except where, for special reasons, sureties ought not to be required."

On the former appeal appellees gave no recognizance as required
by this rule. They now claim that though they were in fact at large
for 543 days during the pendency of that appeal, they were con-
stantly subject to arrest because they were released without requiring
the recognizance. Acting upon this theory they applied to the trial
court again for release, when the time arrived that they would have
been entitled to their discharge, if they were treated as having been
incarcerated during all the months that they were at large while the

case was pending before this court. The court accepted their theory, and again released them. The warden appeals.

The ruling was wrong. Pending former appeal, the prisoners were released by order of the court. That order was unconditional. If the warden desired its modification to comply with the rule, he could only apply to the court for that relief. While the order was in force it was binding upon him. If he had attempted to rearrest the prisoners, simply because the judge by an oversight failed to require the recognizance, he would have been in contempt of court. Giving the recognizance was not a matter of jurisdiction, but quite a subordinate matter of practice. The prisoners were released on their own application, and it was as much their duty to give the recognizance as it was that of the trial court to require it. It would be allowing them to take advantage of their own wrong, if they were now permitted to treat the time when they were outside the penitentiary as if they had been in fact incarcerated. The claim that the order was a nullity, and that they were at all times subject to arrest and constructively incarcerated, is mere legal camouflage. Imprisonment in the penitentiary is a reality. It cannot be taken by absent treatment. While not directly in point the following cases throw light upon the question. Ex parte Espalla, 109 Ala. 92, 19 South. 984; Miller v. Evans, 115 Iowa, 101, 88 N. W. 198, 56 L. R. A. 101, 91 Am. St. Rep. 143; State v. McClellan, 87 Tenn. 52, 9 S. W. 233; Ex parte Bell, 56 Miss. 282.

The original sentence was for two years' imprisonment and to pay a fine of $500. The fine for $500 was beyond the limit of the statute, which provides for a fine not to exceed $300. The defendants deposited $500 with the trial court. That court directed that $300 be paid to the warden, and $200 be retained to abide the decision of this court. The defendants are entitled to a return of the $200.

The decision is reversed, with direction to the trial court to take such proceeding as shall be necessary to secure the return of the prisoners to the custody of the warden to serve the remainder of their sentence.