### Ex parte MARGRAVE.

(District Court, N. D. California, First Division. August 9, 1921.)

No. 17294.

**Indians ⊂⟹38(2)—Selling liquor to Indian a "felony."**

The offense of selling liquor to an Indian in violation of Act Jan. 30, 1897, § 1 (Comp. St. § 4137), which provides that any person convicted of such offense "shall be punished by imprisonment for not less than sixty days and by a fine of not less than $100 for the first offense and not less than $200 for each offense thereafter," is a "felony," as defined by Penal Code, § 335 (Comp. St. § 10509), and not within the jurisdiction of a commissioner, whose jurisdiction is limited by statute to misdemeanors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Felony.]

Habeas Corpus. Application by Fred Margrave for writ to secure discharge from custody. Writ granted.

Louis J. Schino, of Merced, Cal., and Frank E. Murphy, of Stockton, Cal., for petitioner.

Frank M. Silva, U. S. Atty., and Ben. F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., opposed.

RUDKIN, District Judge. Application for a writ of habeas corpus. Section 7 of the Act of June 2, 1920, 41 Stat. 731, provides as follows:

"That the United States District Court for the Northern District of California shall appoint a commissioner for the Yosemite National Park, who shall reside in said park, and who shall have jurisdiction to hear and act upon all complaints made of any violations of law, or of the rules and regulations made by the Secretary of the Interior, for the government of said Yosemite National Park, and for the protection of the animals, birds, and fish, and objects of interest therein, and for other purposes authorized by this act.

"Such commissioner shall have power, upon sworn information, to issue process in the name of the United States for the arrest of any person charged with the commission of any misdemeanor, or charged with a violation of the rules and regulations, or with a violation of any of the provisions of this act prescribed for the government of said Yosemite National Park, and for the protection of the animals, birds, and fish in said park, and to try persons so charged, and if found guilty impose punishment and to adjudge forfeiture prescribed.

"In all cases of conviction an appeal shall lie from the judgment of said commissioner to the United States court for the Northern district of California, and the United States District Court in said district shall prescribe rules and procedure and practice for said commissioner in the trial of cases and for appeals to said United States District Court."

The petitioner was convicted of the crime of selling intoxicating liquor to an Indian, and is now imprisoned in the county jail of the city and county of San Francisco under and by virtue of the sentence imposed by the commissioner thus appointed. The jurisdiction of the commissioner to impose the sentence complained of is the sole question presented by the present application.

The crime of selling intoxicating liquor to an Indian is defined by section 1 of the Act of January 30, 1897, (29 Stats. 506; Comp. St. § 4137), and the punishment prescribed is imprisonment for not less than 60 days and by a fine of not less than $100 for the first offense, and not less than $200 for each offense thereafter.

A felony is defined by section 335 of the federal Penal Code of 1910, as follows:

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors." (Comp. St. § 10509).

That the crime of selling intoxicating liquor to an Indian is a felony as thus defined does not admit of question. United States Express Co. v. Friedman, 191 Fed. 673–677, 112 C. C. A. 219; Morgan v. Ward, 224 Fed. 698, 140 C. C. A. 238.

It follows from this that the commissioner was without jurisdiction to impose the sentence complained of, and the petitioner is entitled to his discharge. Let an order be entered accordingly.