## EDWARDS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1925.)

No. 5824.

1. Indians ☞35—Statute prohibiting manufacture, sale, gift, etc., of intoxicating liquor in Indian territory, held not repealed by admission of Oklahoma into Union.

Act March 1, 1895, § 8, prohibiting manufacture, sale, gift, etc., of intoxicating liquor

5 F.(2d)—2

in Indian Territory, was not repealed, expressly or impliedly, by admission of state of Oklahoma into Union, or by Oklahoma Enabling Act June 16, 1906.

2. Indians ☞35—Fine of $1 for possessing intoxicating liquor in Indian country required reversal.

Under Act June 30, 1919 (Comp. St. Ann. Supp. 1923, § 4137aa), and Act July 23, 1892, as amended by Act Jan. 30, 1897 (Comp. St. § 4137), minimum penalty for possessing intoxicating liquor in Indian country is imprisonment for 60 days, and fine of $100, and fine of $1 was erroneous and required reversal.

3. Criminal law ☞1086(14)—In absence of evidence by accused, demurrer to evidence, motion for instructed verdict, or exception to ruling on instruction, issue of insufficiency of evidence was not reviewable.

Where only evidence was produced by government, and no demurrer to evidence, no motion for instructed verdict, and no exception to ruling of court, or to its charge, appeared in record, question whether there was substantial evidence to support verdict was not presented for appellate review.

In Error to the District Court of the United States for the Eastern District of Oklahoma; David P. Dyer, Judge.

W. M. Edwards was convicted of violating the revenue laws, of unlawfully possessing whisky in Indian country, and of violating the National Prohibition Act, and he brings error. Affirmed in part, and reversed in part.

Crump, White & Seawel, of Muskogee, Okl., for plaintiff in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. In this case the plaintiff in error, W. M. Edwards, called hereafter the defendant in this opinion, was indicted, tried, and convicted of offenses committed on or about July 24, 1920, and described in eight counts of his indictment. The first five counts were for violations of the revenue laws of the United States which had been superseded and repealed by the Volstead Act, which was in force at the time of the offenses charged to have been committed. 41 Stat. 305, 307, 318, title 2, § 35 (Comp. St. Ann. Supp. 1923, § 10138½v); United States v. Yuginovich, 256 U. S. 450, 463, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff (D. C.) 268 F. 417. Counsel for the United States accordingly concede that the judgments and sentences upon these counts were erroneous and must be reversed.

[1] The sixth count charged the defendant with the unlawful possession about July 24, 1920, of 34 gallons of whisky in Coal county in the Eastern district of Oklahoma where such whisky had been had and kept within the limits of the Indian Territory prior to the admission of the state of Oklahoma into the Union—a place where the introduction of spirituous and intoxicating liquors is and was prohibited by federal statutes. The Act of March 1, 1895, 28 Stat. 693, sec. 8, p. 697, prohibited under penalty of a fine not exceeding $500 and by imprisonment for not less than one month or more than five years the manufacture, sale, gift, furnishing to any one for himself or another, and the carrying or having carried into the Indian Territory of any intoxicating drinks of any kind. These provisions of this act were not repealed either expressly or by implication by the admission of the state of Oklahoma into the Union or by the Oklahoma Enabling Act June 16, 1906 (34 Stat. 267), but remained in force. Ex parte Webb, 225 U. S. 663, 683, 686, 690, 691, 32 S. Ct. 769, 56 L. Ed. 1248; United States v. Wright, 229 U. S. 226, 227, 233, 238, 33 S. Ct. 630, 57 L. Ed. 1160.

[2] The Act of June 30, 1919, making appropriations for the expenses of the Bureau of Indian Affairs provided: "That on and after July 1, 1919, possession by a person of intoxicating liquors in the Indian country or where the introduction is or was prohibited by treaty or federal statute shall be an offense and punished in accordance with the provisions of the Acts of July 23, 1892 (27 Statutes at Large, page 260), and January 30, 1897 (29 Statutes at Large, page 506)." 41 Stat. chap. 4, p. 4 (Comp. St. Ann. Supp. 1923, § 4137aa). The defendant was convicted under the sixth count for violation of this act and was sentenced to pay a fine of one dollar. Counsel for the United States contend that this sentence was unauthorized and that the judgment on this count should be reversed, and the court below should be advised to impose a sentence in accordance with the provisions of this act.

The maximum penalty prescribed by the Act of July 23, 1892 (Comp. St. § 4136a), for the violation of that act, was imprisonment for not more than two years and a fine of not more than $300, and it fixed no minimum penalty whatever; so that a fine of $1 was permissible and valid under that statute as it was originally enacted. But that act was amended by the Act of January 30, 1897 (Comp. St. § 4137; Morgan v. Ward et al.,

224 F. 698, 699, 701, 140 C. C. A. 238; United States v. Wright, 229 U. S. 226, 230, 231;[1] Salazar v. United States, 236 F. 541, 149 C. C. A. 593), and the later act expressly provided that a violator of the act as amended should be punished by imprisonment for not less than 60 days and by a fine of not less than $100 for the first offense and not less than $200 for the second offense, and that "so much of the Act of the 23d day of July, 1892, as is inconsistent with the provisions of this act is hereby repealed." This was the condition of these statutes when the offense charged in the sixth count of this indictment was committed, and there is no rational or logical way of escape from the conclusion that the minimum punishment prescribed for the offense under the Act of July 23, 1892, as amended by the Act of January 30, 1897, was imprisonment for 60 days and a fine of $100, and this has been the repeated holding of this court. United States Express Co. v. Friedman, 191 F. 673, 677, 112 C. C. A. 219; Ammerman v. United States, 216 F. 326, 327, 132 C. C. A. 470; Salazar v. United States, 236 F. 541, 542, 149 C. C. A. 593. The sentence under the sixth count must therefore be reversed and the court below must be advised to impose a sentence on this count not heavier than the maximum nor lighter than the minimum prescribed by the Act of July 23, 1892, as amended by the Act of January 30, 1897 (27 Stat. 260; 29 Stat. 506).

[3] The offense charged in the seventh count was the manufacture of whisky in violation of the National Prohibition Act, and the offense charged in the eighth count was the possession of materials and apparatus, to wit, boiler and 360 gallons of mash designed for the manufacture and intended for use in making intoxicating liquors in violation of the same act. The sentence upon each of these counts was a fine of $100. Counsel for the defendant contend that these two sentences should be reversed because the evidence before the jury was insufficient to sustain their verdict against him. But the only evidence in the case was produced by the United States; none was introduced or offered by the defendant; no demurrer to the evidence, no motion for an instruction to the jury to return a verdict for the defendant, no exception to any ruling of the court or to its charge appears in the record before us. So that the question whether or not there was substantial evidence in support of the verdict is not presented by the record for our consideration. Moreover, out of an abundance of caution we have read the tes-

[1] 33 S. Ct. 630, 57 L. Ed. 1160.

timony in this case and have concluded that it sustains the verdict.

The sentences upon the first five counts must be reversed; the sentences upon the seventh and eighth counts must be affirmed, and the sentence upon the sixth count must be reversed, with directions to the court below to impose a sentence under this count in accordance with the statutes and the views herein expressed. And it is so ordered.