## BAILEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 14, 1926.)

No. 6980.

1. **Internal revenue** ⚖=47—Indictment charging that defendant distilled a quantity of spirits with intent to defraud government of tax thereon held based on Rev. St. § 3281 (Comp. St. § 6021), and not on section 3257 (Comp. St. § 5993).

Indictment charging that defendant carried on business of distiller and distilled a quantity of spirits subject to tax under internal revenue laws, with intent to defraud government thereof, *held* based on Rev. St. § 3281 (Comp. St. § 6021), making it a crime for any one to carry on business of distiller with intent to defraud government of tax on spirits distilled by him, and not on section 3257 (section 5993), as to attempts by distiller to defraud United States.

2. **Internal revenue** ⚖=2—Statutes relating to distillation of spirits with intent to defraud government of tax held in force (Rev. St. §§ 3257, 3281 [Comp. St. §§ 5993, 6021]; Willis-Campbell Act Nov. 23, 1921 [42 Stat. 222]).

Rev. St. §§ 3257 and 3281 (Comp. St. §§ 5993, 6021), relating to distillation of spirits with intent to defraud government of tax under internal revenue laws, *held* in force on June 3, 1924, when indictment was returned, in view of Willis-Campbell Act, Nov. 23, 1921, continuing such laws in force.

3. **Internal revenue** ⚖=47—Fines of $10,000 on each count for violation of Internal Revenue Acts held invalid as to excess over $5,000 (Rev. St. §§ 3281 and 3282 [Comp. St. §§ 6021, 6022]).

Sentences of $10,000 on each count for violation of Rev. St. §§ 3281 and 3282 (Comp.

St. §§ 6021, 6022), relating to engaging in business of distiller with intent to defraud government, *held* invalid as to excess over $5,000, and such excess may be remitted.

**4. Criminal law ⟻1216(2).**

Sentences imposing imprisonment for two years on each count for violation of Rev. St. §§ 3281, 3282 (Comp. St. §§ 6021, 6022), relating to internal revenue, *held* to run consecutively and not concurrently.

In Error to the District Court of the United States for the District of Nebraska.

Cornelius M. Bailey was convicted for violation of Rev. St. §§ 3281, 3282, relating to internal revenue, and he brings error. Modified and affirmed.

Frans E. Lindquist, of Kansas City, Mo., for plaintiff in error.

James C. Kinsler, U. S. Atty., of Omaha, Neb., Ambrose C. Epperson, Asst. U. S. Atty., of Clay Center, Neb., and Andrew C. Scott and George A. Keyser, Asst. U. S. Attys., both of Omaha, Neb.

Before KENYON and BOOTH, Circuit Judges, and AMIDON, District Judge.

BOOTH, Circuit Judge. Plaintiff in error, hereafter called defendant, and another, were indicted for violation of sections 3281 and 3282 of the Revised Statutes of the United States (Comp. St. §§ 6021, 6022) relating to internal revenue. There were five counts in the indictment. Defendant was convicted on the second and fourth. The others were eliminated by the court. Sentences were imposed of $10,000 fine, and imprisonment for two years on each count; the sentences of imprisonment to run consecutively.

[1] Counsel for defendant contends that the second count was based upon section 3257, Revised Statutes (Comp. St. § 5993). The charging part of the count reads as follows:

" * * * Did carry on the business of distillers, and did then and there make and distill a quantity of spirits, to wit, about eleven proof gallons, then and there subject to tax under the provisions of the internal revenue laws of the said United States of America, with intent to defraud the said United States of America of the said tax on the said spirits so distilled by them as aforesaid."

We think that the contention of defendant is incorrect, and that the count was based upon section 3281, Revised Statutes, which reads in part as follows:

"Every person * * * who engages in or carries on the business of a distiller with intent to defraud the United States of the

tax on the spirits distilled by him, or of any part thereof, shall, * * * be fined * * * and imprisoned."

The fourth count was based upon section 3282, Revised Statutes, and charged that the defendant, not being a distiller authorized by the laws of the United States, did unlawfully by distillation separate alcoholic spirits from certain fermented mash.

Three main questions are raised by defendant:

[2] First, whether the sections of the statutes under which the second and fourth counts were drawn were in force at the time the indictment was returned, June 3, 1924. In the United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, the Supreme Court held that these sections were repealed by the National Prohibition Act. Shortly after that decision, however, the Willis-Campbell Act was passed November 23, 1921; and, in the case of United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358, the Supreme Court said in reference to this latter act, "From the time that it went into effect it had the same operation as if instead of saying that the laws referred to shall continue in force it had enacted them in terms." It is apparent therefore that defendant, having been indicted after the passage of the Willis-Campbell Act (42 Stat. 222), came under the ruling in the Stafoff Case, and his counsel has misconstrued the opinion by Mr. Justice Holmes in that case, and in the Brooks Case, which was disposed of at the same time.

In the Brooks Case certain questions were certified by the Circuit Court of Appeals for the Ninth Circuit. One question was whether sections 3281 and 3282 had been repealed by the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The Supreme Court answered that they had been, citing the Yuginovich Case, and held that Brooks could not be convicted under those sections. The date of the indictment of Brooks is not given in the opinion of Mr. Justice Holmes, but it is apparent from the decision that Brooks was indicted after the National Prohibition Act went into effect (January 16, 1920) and before the passage of the Willis-Campbell Act, November 23, 1921, and therefore at a time when said sections of the Revised Statutes were not in force, as determined in the Yuginovich Case. Counsel for defendant has failed to note this.

[3] The second question requiring consideration relates to the sentences that were imposed. It is admitted by the government that the sentences were excessive, since a fine

of $10,000 was imposed as to each count, whereas the maximum allowed by the statute was $5,000. The sentences were invalid as to the excess, and such excess may be remitted. United States v. Pridgeon, 153 U. S. 48, 14 S. Ct. 746, 38 L. Ed. 631; Salazar v. United States, 236 F. 541, 149 C. C. A. 593 (C. C. A. 8).

[4] The third question raises the point whether the two sentences run consecutively or concurrently. Reliance is placed by defendant on the case of Daugherty v. United States (C. C. A.) 2 F.(2d) 691, to sustain his contention that they run concurrently. That case, however, has been reversed. United States v. Daugherty, 46 S. Ct. 156, 70 L. Ed. ——, January 4, 1926. We accordingly hold that the sentences in the case at bar run consecutively.

The judgment of the court below will be modified by reducing the fine imposed on each count from $10,000 to $5,000, and with this modification the judgment is affirmed. The court below, upon the filing of the mandate, will enter judgment in conformity with this opinion.