**HUNTER, Warden, v. McDONALD.**

**No. 3419.**

Circuit Court of Appeals, Tenth Circuit.

Feb. 18, 1947.

Randolph Carpenter, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellant.

Howard F. McCue, of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

McDonald[1] was convicted on an indictment charging conspiracy to kidnap, transport interstate, and hold for ransom one Edward George Bremer.[2] He was sentenced to a term of imprisonment for 15 years. He commenced the service of his sentence on February 1, 1936. On June 6, 1940, an order was entered in a habeas corpus proceeding in the District Court of the United States for the District of Kansas, discharging him from custody. The order of discharge required him to give a bond in the penal sum of $2,500, conditioned that he abide by the judgment of the United States Circuit Court of Appeals for the Tenth Circuit on an appeal from the order of discharge. On such appeal, this court reversed the order of discharge.[3] Judgment was entered in this court on June 12, 1941. On an application of the petitioner, the mandate was stayed pending the disposition of a petition for certiorari to the Supreme Court of the United States. Certiorari was denied October 13, 1941.[4] The mandate issued October 20, 1941. On October 30, 1941, petitioner surrendered himself to the United States Marshall and was delivered to the custody of the Warden of the Leavenworth Penitentiary. Petitioner was out of prison 511 days as the result of the order discharging him from custody.

On May 23, 1946, he filed an application for habeas corpus on the theory that he was entitled to good time credit for the 511 days he was out of custody by virtue of the order of discharge. The trial court held that he was entitled to such credit and entered an order discharging him from custody. The Warden has appealed.

Petitioner was out of prison for such period of 511 days, due to the first order of discharge and the order staying the mandate, both of which orders were entered on applications made by petitioner.

In White v. Pearlman, 10 Cir., 42 F.2d 788, we held that the sentence of a prisoner discharged from a Federal penitentiary without his fault before the expiration of sentence continues to run while he is at liberty. In that case, however, when the warden told the prisoner that his term of three years was about to expire, the prisoner told the warden there was some mistake; that his sentence was for five years. The warden then told the prisoner he was going to abide by the records. There, the discharge was due to the mistake of the Warden, an agent of the administrative branch of the Government. Here, petitioner was out of prison by reason of the original order of discharge and the order staying the mandate of this court which orders were induced by applications prosecuted by petitioner. These orders can, in no sense, operate as an estoppel against the United States or its administrative agents. The Warden was compelled to obey the original order of discharge pending review by the appellate courts.

A prisoner is not entitled to credit for the time he is at liberty under an erroneous discharge on a writ of habeas corpus.[5] Imprisonment contemplated by a sentence im-

---

[1] Hereinafter called petitioner.

[2] See 18 U.S.C.A. §§ 408a and 408c.

[3] See Hudspeth v. McDonald, 120 F.2d 962.

[4] McDonald v. Hudspeth, 314 U.S. 617, 62 S.Ct. 110, 86 L.Ed. 496.

[5] State v. McClellan, 87 Tenn. 52, 9 S. W. 233; Morgan v. Ward, 8 Cir., 248 F. 691, certiorari denied 247 U.S. 521, 38 S.Ct. 582, 62 L.Ed. 1246.

Cf. Hopkins v. North, 151 Md. 553, 135 A. 367, 49 A.L.R. 1303; Ex parte Vance, 90 Cal. 208, 27 P. 209, 210, 13 L.R.A. 574; Ex parte Lujan, 18 N.M. 310, 137 P. 587, 588; Ex parte Bugg, 163 Mo. App. 44, 145 S.W. 831, 832; Fuller v. State, 100 Miss. 811, 57 So. 806, 808, 39 L.R.A.,N.S., 242, Ann.Cas.1914A, 98; State v. Abbott, 87 S.Car. 466, 70 S.E. 6, 9, 33 L.R.A.,N.S., 112, Ann.Cas.1912B, 1189.

posed by a Federal court is confinement in fact and not merely in fiction.

The order of discharge is reversed and the cause is remanded, with instructions to discharge the writ and direct the return of petitioner to the custody of the Warden.