## McDONALD v. HUMPHREY.

### No. 13698.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1948.

McCue & McCue, of Topeka, Kan., for appellant.

Cassius M. McDonald, pro se.

Victor E. Anderson, U. S. Atty., and James J. Giblin, Asst. U. S. Atty., both of St. Paul, Minn., for appellee.

Before SANBORN, THOMAS and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing appellant's petition for a writ of habeas corpus.

The history of the incarceration of the appellant is sufficiently stated in Hunter v. McDonald, 10 Cir., 159 F.2d 861, in which it was held that he was not entitled to credit upon his sentence of imprisonment for the time he was at liberty under an erroneous order of discharge from custody entered June 6, 1940, in habeas corpus proceedings initiated by him in the United States District Court for the District of Kansas. He brought this present habeas corpus proceeding upon the claims (1) that he is entitled to credit for the time he was at liberty under an order of discharge from custody entered in 1946 by the same court, which order was reversed, on appeal, in Hunter v. McDonald, supra; and (2) that his sentence was in excess of the legal maximum. The district judge dismissed appellant's petition, and this appeal followed.

There is no merit in the appellant's contentions. The difference between being behind prison walls and being at liberty, whether unconditionally, on bail, or on parole, is too obvious to require discussion. The opinion of the Circuit Court of Appeals of the Tenth Circuit sufficiently explains why the time spent by the appellant out of prison under erroneous orders of discharge procured by him is not to be credited upon his sentence of imprisonment.

The validity of appellant's sentence was adjudicated by this Court in McDonald v. United States, 8 Cir., 89 F.2d 128.

The order appealed from is affirmed.