Edgar Liston SEWARD, Petitioner,

v.

Robert A. HEINZE, Warden, Respondent.

Civ. No. 7792.

United States District Court
N. D. California, N. D.

Sept. 4, 1958.

138

DONOVAN, District Judge (Sitting by Assignment).

This matter comes before the Court on application by petitioner for a writ of habeas corpus. Petitioner claims he "is now illegally and unlawfully restrained and deprived of his lawful rights, by `*` `*` `*` [respondent], contrary to and in violation of privileges and immunities, equal protection of law and due process of law clause of the Fourteenth Amendment to the Constitution of the United States and in violation of similar provisions of Article 1, Section 13, of the [West's Ann.] California Constitution `*` `*` `*`."

The facts recited by petitioner disclose that he was committed to the "California State Prison at San Quentin on April 1, 1945" for violation of the "Deadly Weapons Acts", West's Ann. Cal.Pen.Code, § 12000 et seq., during which commitment he was returned to court and charged and convicted of "Burglary and Escape." He was then transferred to the "California State Prison at Folsom and again returned to court to receive another commitment for the charge of Grand Theft `*` `*` `*`. No appeal was taken from these judgments, nor are they questioned here. Thereafter, petitioner was released on parole in May of 1952."

While thus on parole he "was arrested on June 28, 1952 and charged with violation of the Dangerous Weapon Control Law, Grand Theft Auto, and investigation of Burglary `*` `*` `*`. On June 30, 1952 `*` `*` `*` [in open court] the arresting charges were dropped and petitioner plead guilty to a charge of Vagrancy with the judgment rendered that `*` `*` `*` [he] be imprisoned in the County Jail of San Bernardino `*` `*` `*` for `*` `*` `*` 60 days. A stay of execution of sentence was ordered for the purpose of releasing subject to F. B. I. Agents, with the proviso that sentence be executed if [subject was] released by the F. B. I."

Petitioner's recital of facts continues, showing a charge of violation of the Dyer Act, 18 U.S.C.A. § 2311 et seq., remand to and a continuance for sentencing by the United States District Court for the Southern District of California, and sentence of four years imposed on September 15, 1952. That prior to the last sentencing and "on August 29, 1952, the Adult Authority of the State of California suspended petitioner's parole and ordered his return to the California State Prison."

Petitioner continues a recital of facts relied on by him, to the effect that he was removed from the jurisdiction of California on October 2, 1952, by the "United States Authorities" to the latter's Penitentiary at McNeil Island, State of Washington, without "warrant or detainer `*` `*` `*` placed against petitioner by the `*` `*` `*` State of California [other than] `*` `*` `*` a request that they [California] wanted thirty (30) days notice before petitioner's scheduled date of release from the United

States Penitentiary. That he was released from McNeil Island Penitentiary on January 16, 1956, to the custody of the Sheriff of Pierce County, State of Washington, and was taken and held in Pierce County Jail without legal process and over his objections * * *, taken into custody by an agent of the California Department of Corrections and was re-imprisoned in the California State Prison at Folsom as a parole violator", in violation of his constitutional rights, as above recited.

Petitioner further contends that he has exhausted State remedies and has been denied certiorari by the California and United States Supreme Courts.

By his application petitioner challenges the right of the Warden of the California State Prison to hold him in custody.

■ The allegations of petitioner satisfy the jurisdictional prerequisites of this Court.[1] The application will therefore be disposed of on the merits.[2]

■ Did the State of California waive its right to repossess custody of petitioner, as he contends? This Court is precluded from entertaining a proceeding for a writ of habeas corpus by a prisoner in custody of State officials, pursuant to a judgment of a State court, such as petitioner is, unless such custody is in violation of the Constitution or laws and treaties of the United States. In my opinion the State of California and its agent, the respondent herein, did not waive the right to custody of petitioner. No federal right of petitioner has been violated.

The allegations of the underlying application for habeas corpus do not indicate infirmities leading to custody that could possibly be considered as attaining constitutional magnitude. Petitioner's fundamental rights have not been denied. Absent valid constitutional grounds in support of petitioner's application, this Court must decline to entertain the petition for the writ applied for. Petitioner is not illegally detained.[3]

It is, therefore, ordered that petitioner's application for a writ of habeas corpus be, and the same is, hereby dismissed.

---

1. 28 U.S.C.A. § 2254.

2. 28 U.S.C.A. § 2241(c) (3).

3. McNally v. Hill, 293 U.S. 131, 137, 55 S.Ct. 24, 79 L.Ed. 238; Sampsell v. People of State of California, 9 Cir., 191 F.2d 721; Woollomes v. Heinze, 9 Cir., 198 F.2d 577; United States ex rel. Parker v. Ragen, 7 Cir., 167 F.2d 792; certiorari denied 336 U.S. 920, 69 S.Ct. 635, 93 L.Ed. 1082; Long v. Benson, 6 Cir., 140 F.2d 195; certiorari denied 322 U.S. 732, 64 S.Ct. 947, 88 L.Ed. 1567; United States ex rel. Darcy v. Handy, 3 Cir., 224 F.2d 504, affirmed 351 U.S. 454, 76 S.Ct. 965, 100 L.Ed. 1331; United States ex rel. Buchalter v. Lowenthal, 2 Cir., 108 F.2d 863; Higgins v. Steele, 8 Cir., 195 F.2d 366; McDonald v. Humphrey, 8 Cir., 168 F.2d 519.