**Application of Edward NIEWINSKI for Writ of Habeas Corpus.**

**No. 5–61 Civ. 1.**

United States District Court
D. Minnesota,
Fifth Division.
Feb. 23, 1961.

John D. O'Connell, Detroit, Mich., for petitioner.

Fallon Kelly, U. S. Atty., and William S. Fallon, Asst. U. S. Atty., St. Paul, Minn., for respondent.

DONOVAN, District Judge.

The instant case is based on an application of petitioner for a writ of habeas corpus.[1] The Court issued an order to show cause and the matter came on for hearing at St. Paul, Minnesota, on January 23, 1961.

By answer, paragraphs VIII and IX are denied. The facts are undisputed. On May 3, 1955, petitioner was convicted in the United States District Court for the Eastern District of Michigan and sentenced to the custody of the Attorney General of the United States for imprisonment for a term of five years on each count of a two count indictment, said terms to run concurrently. Petitioner on the same day was taken into custody by the United States Marshal. On May 4, 1955, petitioner noted his appeal to the Court of Appeals for the Sixth Circuit and on May 19, 1955, executed an election not to commence service of his sentence. He was released from custody on June 2, 1955, having been admitted to bail pending appeal.

While free on bond and awaiting the outcome of his appeal, petitioner was arrested and convicted by a state court in Michigan and sentenced to imprisonment in a state penal institution, where he remained until released on September 21, 1959, at which time he was immediately taken into federal custody for service of the 1955 sentence.

1. The pertinent parts of the petition read as follows:

\* \* \* \* \*

"II. That petitioner is held by the Warden of the Federal Correctional Institution at Sandstone, Minnesota pursuant to a judgment and sentence imposed by the Honorable Ralph M. Freeman in the United States District Court for the Eastern District of Michigan, Southern Division, in the year of 1955.

"III. That petitioner is informed and verily believes it to be true that in accordance with the law and applicable deduction, he should have been released from further imprisonment on or about September 21, A.D.1959.

"IV. That after petitioner had been sentenced by the Honorable Judge Freeman, and after he had served a portion of his sentence, he signed the required waiver and was released on bond pending appeal.

"V. That thereafter and while at liberty on said bond, petitioner was convicted of a felony in the Recorder's Court of the City of Detroit, Michigan, and sentenced to prison, in that Michigan proceeding.

"VI. That petitioner's appeal from the conviction before the Honorable Ralph M. Freeman was subsequently denied, and his bond cancelled while petitioner was serving the sentence imposed in the State Court.

"VII. That thereafter petitioner applied to be turned over to Federal custody for service of the Federal sentence he had commenced to serve before he was released on bond pending appeal in that case.

"VIII. That petitioner's request to be turned over to Federal Authorities to finish the Federal sentence he previously commenced to serve was never acted upon by the Federal Authorities, and he was thereafter held a prisoner of the State until on or about September 21, 1959, and was thereafter taken into Federal custody under the Honorable Ralph M. Freeman's sentence imposed in 1955.

"IX. That by reason of the aforesaid facts and the law application to the same, the petitioner is being illegally imprisoned and should be forthwith discharged from further imprisonment."

274

On March 13, 1956, while serving his state sentence, petitioner's federal conviction was affirmed by the Court of Appeals, Sixth Circuit, Niewinski v. United States, 230 F.2d 606.

On September 21, 1959, petitioner filed his application, identical to the instant petition, for a writ of habeas corpus in United States District Court, Eastern District of Michigan. That application was denied by the Court on October 6, 1959. Certified copies of the application and order have been filed by respondent in these proceedings.

Petitioner contends that he is entitled to credit against his federal sentence for the time spent in the state institution and that more than five years having elapsed since imposition of that sentence, he is entitled to his release.

Respondent contends that petitioner is not entitled to be released until he actually serves the sentence imposed and that the time petitioner was free on bond and in state custody cannot be credited on that sentence. Respondent further contends that petitioner served no time on his federal sentence from May 19, 1955 to the date of his release from state custody and his return to federal custody on the last named date.

It is not disputed that the sixteen days from the date of sentencing, May 3, 1955, to the execution of the election not to serve, May 19, 1955, are to be credited to the federal sentence imposed.

■■■ As alleged in paragraph V of the petition, that petitioner, by his wrongful acts while free on bond pending his appeal, made it impossible for the United States to resume custody following disposition of said appeal. His federal sentence, as result, was tolled

until he could be retaken by federal authorities.[2] Obviously, under such circumstances, petitioner's federal sentence could not have run while he was in state custody.[3]

The complications arising out of the impaling horns of petitioner's dilemma were of his own making. He initiated all that transpired. He asked to be liberated while his appeal was pending in the higher court to which he lawfully had a right to resort. His difficulty in the Recorder's Court of Detroit, Michigan, and his resulting detention were of his own making. His federal sentence was suspended pending decision of the Court of Appeals.

■ To summarize, petitioner would make a mockery of justice, law and the courts if he were permitted to make a contest here by pitting one sovereign jurisdiction against another. To avoid making a travesty of law and the orderly processes of the courts, federal and state, it must be held that physical custody, logically is the criterion of jurisdiction and the power to enforce the mandates of the courts. The interested sovereigns may arrange the order of trial and punishment consistent with law to suit their convenience. Such a rule is essential to the orderly administration of justice and to prevent unseemly conflict between courts having sovereign jurisdiction over crime and punishment therefor.[4] Each has plenary power in its own jurisdiction. To hold otherwise would be creative of chaos, confusion and frustration in a republic such as the United States.

A prisoner has no standing to choose between two sovereigns. He does not have a choice of keepers.[5] As said by our court of appeals "the difference be-

2. McDonald v. Humphrey, 8 Cir., 168 F. 2d 519; Kellett v. United States, D.C. W.D.Mo.W.D., 162 F.Supp. 791, 796.

3. Petitioner relies on Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, which is distinguished from the instant case for the reason that the processes of one sovereign cannot be used to obstruct justice in the courts of another sovereign.

See also Groce v. Hudspeth, 10 Cir., 121 F.2d 800; United States ex rel. Demarois v. Farrell, 8 Cir., 87 F.2d 957.

4. Vanover v. Cox, 8 Cir., 136 F.2d 442; Strand v. Schmittroth, 9 Cir., 251 F.2d 590; Seward v. Heinze, D.C.N.D.Cal. N.D., 165 F.Supp. 137.

5. Krupnik v. United States, 8 Cir., 1961, 286 F.2d 45.

tween being behind prison walls and being at liberty, whether unconditionally, on bail, or on parole, is too obvious to require discussion." [6]

The Court acknowledges the thorough brief submitted by counsel on February 14, 1961. Due consideration has been given to all that is said therein.

In my opinion the application for a writ of habeas corpus is without merit and is denied.

It is so ordered.

6. McDonald v. Humphrey, 168 F.2d 519, 520; Hunter v. McDonald, 10 Cir., 159 F.2d 861.