**Anderson MARTIN, Petitioner,**

v.

**Warden R. W. MEIER, Respondent.**

**No. 5-61-47 Civil.**

United States District Court
D. Minnesota,
Fifth Division.
July 25, 1961.

No appearance for petitioner.

Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., for respondent.

DONOVAN, District Judge.

This matter comes before the Court on application by petitioner for a writ of habeas corpus. On July 6, 1961, the Court issued an order to show cause why a writ of habeas corpus should not be issued herein, and a hearing was had thereon on July 14, 1961 in the Federal Building, Duluth, Minnesota. Respondent appeared by Mr. Patrick J. Foley, Assistant United States Attorney, and Mr. L. E. Daggett, Acting Warden of the Federal Correctional Institution at Sandstone, Minnesota, was also in attendance at said hearing.

The Court having considered the matter fully, now, therefore, upon the petition, files and records in the case, it appears to this Court that the petition is not made in good faith, is without merit, and that on the facts and records presented, the petitioner is not entitled to a writ of habeas corpus. The petition for a writ of habeas corpus is denied.

It is so ordered.

The Memorandum attached hereto is hereby made a part of this Order.

An exception is allowed petitioner.

Memorandum.

Petitioner has submitted the issue as to whether he was entitled to elect not to serve a portion of his criminal sentence pending appeal.

The facts as gleaned from the file in the office of the Clerk of the United States District Court for the Northern District of Illinois disclose that petitioner was sentenced to serve ten years following his conviction for violations arising under Title 26 U.S.C. §§ 2553(a) and 2593(a) and Title 21 United States Code Annotated, § 174. Said sentence was imposed on May 12, 1955, in said Court. Execution was stayed until May 24, 1955. He noted his appeal from the conviction on May 20, 1955. On May 24, 1955, he was taken into custody by the United States Marshal following termination of said stay. Two days following said custody, petitioner filed an election not to serve his sentence. The Mandate of the Seventh Circuit Court of Appeals thereupon followed denying his appeal, and which Mandate was received by the lower court on December 28, 1955.

Petitioner contends that there was no authority for election by him not to serve his sentence.[1] Said file in the Clerk's office conclusively shows that petitioner's election not to serve his sentence in this case was filed in his behalf by his attorney of record and who conducted petitioner's appeal.[2]

Petitioner in the instant case, though he had filed election not to serve sentence pending appeal, could have filed a statement that he desired to commence the effective running of his sentence. This petitioner failed to do in the present case.[3]

There is no dispute relative to the fact that petitioner was represented by counsel throughout in the matter we are here considering.

---

1. Rule 38(a) (2), Rules of Criminal Procedure, 18 U.S.C., provides that
   "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

2. Rule 37(a) (1), Rules of Criminal Procedure, provides in part with reference to taking an appeal

   "The notice of appeal shall be signed by the appellant or appellant's attorney, or by the clerk if the notice is prepared by the clerk as provided in paragraph (2) of this subdivision."

3. Shelton v. United States, 5 Cir., 234 F. 2d 132.

**460**

In conclusion, petitioner must not be permitted to make a mockery of justice, law, and the courts to which he submitted.[4] To hold with the petitioner in the case at bar would create confusion and chaos.

---

4. Application of Niewinski, D.C.Minn., 191 F.Supp. 272.